990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sippi NAZARIAN, Petitioner-Appellee,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellant.
 91-70181.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 8, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The sole issue presented by this appeal is whether the Tax Court was required as a matter of law to grant the Nazarians'[1] post-trial request to amend their petitions challenging the Commissioner's noticed deficiencies for tax years 1968 and 1969 in order to assert for the first time a claim for income averaging. We vacate and remand for further proceedings.
 
 
 3
 In Kelley v. C.I.R., 877 F.2d 756 (9th Cir.1989) we held in part that, because the Commissioner was on notice that the petitioners had elected income averaging for the tax year in question and the Commissioner did not challenge that claim to income averaging until after trial, the Tax Court abused its discretion by denying the petitioners' post-trial request that they be allowed to amend their petition to claim that income averaging be used in calculating their deficiency. Id. at 761-62.
 
 
 4
 In the instant action, the Nazarians gave no notice to the Commissioner of any intent on their part to elect income averaging for tax years 1968 and 1969 until December 7, 1989, during the post-trial computation phase of proceedings they had initiated with the Tax Court some 18 years earlier. Under these circumstances the rule we announced in Kelley is clearly inapposite and the Tax Court erred by ruling that it lacked the discretion to deny the Nazarians' post-trial request.
 
 
 5
 VACATED and REMANDED for further proceedings.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mildred Nazarian died in 1982 and her estate, with her husband acting as executor, has been substituted as a party-petitioner